IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RATAJA PINOLA,

    Plaintiff,                    No. 2: 11-cv-1165 KJM KJN P

    vs.

TIM V. VIRGA, et al.,

    Defendants.             <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California.

        On December 5, 2011, plaintiff filed a motion for production of documents. Plaintiff states that he was transferred to CCI on September 8, 2011. Plaintiff alleges that following his transfer, prison officials at CCI lost his legal property related to this action. Plaintiff alleges that without access to his legal property, he cannot file an opposition to defendants' motion to dismiss filed September 28, 2011.

        No defendants in this matter are located at CCI. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969). However, the fact that one is not a party does not

1

automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977).  This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

       The court is concerned that it will lose jurisdiction if plaintiff is unable to file an opposition to defendants' motion to dismiss because he does not have access to his legal property.  Accordingly, the Warden of CCI is ordered to inform the court of the status of plaintiff's access to his legal property.

       Accordingly, IT IS HEREBY ORDERED that:

       1. Within fourteen days of the date of this order, the Warden of CCI shall inform the court of the status of plaintiff's access to his legal property;

       2. The Clerk of the Court is directed to serve this order on Warden of CCI, P.O. Box 1031, Tehachapi, CA, 93581; and

       3. The Clerk of the Court is directed to serve this order on Supervising Deputy Attorney General Monica Anderson.

DATED:  December 7, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pin1165.alw