IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RATAJA PINOLA,

        Plaintiff,                No. 2: 11-cv-1165 KJM KJN P

    vs.

TIM V. VIRGA, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with an action brought pursuant to 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Pending before the court are plaintiff's November 28, 2011 motion for discovery and extension of time, and December 5, 2011 motion for production of documents and extension of time. For the following reasons, these motions are denied.

        In both pending motions, plaintiff alleges that he was transferred to the California Correctional Institution ("CCI") on September 8, 2011. Plaintiff alleges that following his transfer, prison officials at CCI lost his legal property related to this action. Plaintiff alleges that without access to his legal property, he cannot file an opposition to defendants' motion to dismiss filed September 28, 2011. Plaintiff requests court assistance in locating his legal property and an extension of time to file his opposition to defendants' motion to dismiss.

1   On December 8, 2011, the undersigned issued an order observing that no
2  defendants are located at CCI. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the
3  undersigned directed the Warden of CCI to inform the court of the status of plaintiff's access to
4  his legal property within fourteen days.
5   On December 22, 2011, CCI Warden Stainer filed a response to the December 8,
6  2011 order. According to this response, plaintiff's property was searched on November 15,
7  2011, prior to his transfer to the Segregated Housing Unit ("SHU") at CCI. Soon after the
8  search, plaintiff's legal property was sent to his new housing unit to be issued to plaintiff.
9  However, plaintiff's legal property was lost. In an attempt to locate the legal property, property
10 officers searched plaintiff's cell and several surrounding cells, but did not locate it. The property
11 officers interviewed staff in plaintiff's housing unit regarding the missing legal property, with
12 negative results. On December 21, 2011, staff at CCI provided plaintiff with a copy of the
13 pleadings for every docket entry in this lawsuit.
14   In his response, CCI Warden Stainer further states that on December 14, 2011, the
15 SHU Legal officer interviewed plaintiff regarding the lost legal property. Plaintiff informed the
16 Legal Officer that the only documents that he still needed were the trial transcripts from his
17 criminal conviction, trial transcripts from another matter and his entire Central File. During this
18 interview, plaintiff did not allege that he was missing documents regarding the instant action.
19   On January 13, 2012, plaintiff filed an opposition to defendants' motion to
20 dismiss.
21   As indicated above, CCI prison officials provided plaintiff with copies of his
22 missing legal property relevant to this action and plaintiff has filed his opposition to the pending
23 motion to dismiss. Accordingly, plaintiff's motions for court assistance in locating the missing
24 property and for extensions of time to file his opposition are denied as unnecessary.
25 ////
26 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for discovery and for extension of time (Dkt. No. 24) is denied;

2. Plaintiff's motion for production of documents and for extension of time (Dkt. No. 26) is denied.

DATED: January 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pin1165.po