IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RATAJA PINOLA,

        Plaintiff,                    No. 2: 11-cv-1165 KJM KJN P

   vs.

TIM V. VIRGA, et al.,

        Defendants.            ORDER

_____/

I. Introduction

        Plaintiff is a state prisoner, proceeding without counsel, with an action brought pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed September 28, 2011. For the following reasons, defendants' motion is granted with leave to amend.

II. Legal Standards for Motion to Dismiss

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus,

551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F. 3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F. 2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F. 2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F. 2d 266, 268 (9th Cir. 1982).

III. Discussion

This action is proceeding on the original complaint filed May 2, 2011, as to defendants Community Resource Manager Elia, Chaplain Fardan, Chaplain Goeke, Correctional Officer Thompson and Warden Virga. All defendants are employed at California State Prison-Sacramento ("CSP-Sac"), where plaintiff was incarcerated when he filed this action.

1    Plaintiff alleges that he is a Pomo Indian and that he has been denied a religious
2 diet. Plaintiff seeks injunctive relief only. In particular, plaintiff requests that he be provided
3 with a Pomo religious diet.

4    Defendants move to dismiss on the following grounds. Defendants move to
5 dismiss defendants Elia and Virga on the grounds that plaintiff has failed to allege factual
6 allegations against these defendants. Defendants move to dismiss defendant Thompson on the
7 grounds that plaintiff has not stated a colorable claim against this defendant. Finally, defendants
8 move to dismiss on the grounds that plaintiff's claim for injunctive relief is moot. Defendants
9 state that on September 12, 2011, plaintiff filed a notice of change of address indicating that he
10 has been transferred to the California Correctional Institution ("CCI") in Tehachapi, California.
11 Based on this transfer, defendants argue that plaintiff's claim for injunctive relief against the
12 defendants at CSP-Sac is moot.

13    In his opposition, plaintiff argues that his request for injunctive relief is not moot.
14 Plaintiff contends that he is challenging policies of the California Department of Corrections and
15 Rehabilitation ("CDCR") regarding religious meals. Plaintiff claims that the CDCR meal policy
16 he challenges is implemented statewide, and that he will be denied his request for a Pomo
17 religious diet based on this policy at any California prison to which he is transferred.

18    The undersigned agrees that plaintiff's claim for injunctive relief against
19 defendants located at CSP-Sac is moot because plaintiff is no longer incarcerated at that prison.
20 See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69
21 (9th Cir. 1995) (when an inmate seeks injunctive or declaratory relief concerning the prison
22 where he is incarcerated, his claims for such relief become moot when he is no longer subjected
23 to those conditions); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112
24 (1969) (the court is unable to issue an order against individuals who are not parties to a suit
25 pending before it).
26 ////

1         Accordingly, defendants' motion to dismiss is granted on grounds that plaintiff's
2  claim for injunctive relief against the named defendants is moot.  However, in his opposition
3  plaintiff claims that he is challenging a CDCR policy to which he would be subject at any
4  California state prison.
5         Because plaintiff claims that he is challenging a CDCR policy as opposed to a
6  CSP-Sac policy, plaintiff is granted leave to file an amended complaint making clear that he is
7  challenging a CDCR policy and naming appropriate defendants, i.e., CDCR officials responsible
8  for implementing and/or enacting the policy.[1]  Plaintiff must also allege that he is currently
9  subject to this policy.
10        Because defendants' motion is granted with leave to amend on grounds that
11 plaintiff's claim for injunctive relief is moot as to the named defendants, the undersigned need
12 not address the other grounds raised in defendants' motion to dismiss.
13        Accordingly, IT IS HEREBY ORDERED that:
14        1. Defendants' motion to dismiss (Dkt. No. 21) is granted with leave to amend;
15 ////
16 ////
17 ////
18 ////

---

[1] Regarding a request for injunctive relief, all that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit.  However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25 (1991).

2. Plaintiff is granted thirty days to file an amended complaint; defendants shall file a response to the amended complaint within twenty days thereafter; failure by plaintiff to file an amended complaint will result in the recommendation of dismissal of this action.

DATED: January 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pin1165.mtd